IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 1:25po14-MAL

ANN-MARIE M. BORTZ,

    Defendant.
_____/

## MEMORANDUM DECISION

This case was tried before the Court on June 18, 2025. At the conclusion of the trial, the Court found Ms. Bortz guilty of disorderly conduct in violation of 38 C.F.R. § 1.218(a)(5) and (b)(11). In addition to the explanation given in open court, the Court provides these written findings of fact and conclusions of law pursuant to Rules 23(c) and 58 of the Federal Rules of Criminal Procedure.

1.      The facts of this case are largely uncontested.

2.      On the evening of July 3, 2024, at approximately 10:00 p.m., Ms. Bortz checked in at the emergency department of the Malcom Reed VA Medical Center because of a sharp pain in her abdomen.

3.      Ms. Bortz is a veteran with a 100% service-connected disability, who suffers from physical disabilities and PTSD due to military sexual trauma.

4.      While Ms. Bortz was waiting in the emergency department for treatment, Beverly Davis was also in the emergency department. Ms. Davis had been

there since before Ms. Bortz had arrived. Ms. Davis was wrapped in a blanket at the back of the emergency department and had bags of personal belongings with her. Ms. Davis was talking erratically out loudly.

5.      Shortly after midnight, the disturbance grew to a point where Nurse Williams-Garcia called the VA police.

6.      Officer Nathan C. Hall, Lieutenant Scott Cash, and Sergeant Luther Coleman of the VA police arrived promptly. Each of the officers recorded what happened on their body cameras.

7.      The officers went directly to Ms. Davis. She explained to them that she was waiting for a key to an apartment that a VA employee from homeless services was too lazy to give to her. Ms. Davis's speech was not organized and at some point, she can be heard saying "you are a demon." It is unclear to whom she was speaking.

8.      The officers explained to Ms. Davis that she could not stay in the emergency department unless she was seeking medical care. The officers then walked Ms. Davis over to the check-in area.

9.      As they passed in front of Ms. Bortz, Ms. Davis was talking loudly about the many military commendations she had received, such as seaman of the month. Ms. Bortz gibed back, "Idiot of the year." Then Ms. Davis turned toward Ms. Bortz and stated, "Fuck you, bitch."

10.     It was at this point that Ms. Bortz sprang from her seat and lunged to grab Ms. Davis. Because the officers reacted quickly and took Ms. Bortz to the ground, Ms. Bortz was only able to grab Ms. Davis's blanket. Ms. Bortz was cooperative thereafter and did not attempt to harm anyone.

11.     The officers handcuffed Ms. Bortz and took her to an office to get her away from Ms. Davis and to process a citation for disorderly conduct. Afterward, Ms. Bortz was able to return to the emergency department to receive treatment.

12.     Ms. Bortz's conduct meets the requirements of disorderly conduct, which is defined as:

> *Conduct on property* which creates loud or unusual noise; which unreasonably obstructs the usual use of entrances, foyers, lobbies, corridors, offices, elevators, stairways, or parking lots; *which otherwise impedes or disrupts the performance of official duties by Government employees*; which prevents one from obtaining medical or other services provided on the property in a timely manner; or the use of loud, abusive, or otherwise improper language.

38 C.F.R. § 1.218(a)(5) (italics added).

13.     Ms. Bortz's conduct meets the definition because her conduct disrupted the performance of the officers' official duties in dealing with the disturbance caused by Ms. Davis. (Ms. Davis eventually received a citation for disorderly conduct as well.)

14.     Ms. Bortz acknowledged that she lunged at Ms. Davis and that she would have harmed Ms. Davis had the officers not intervened.

15.    Ms. Bortz's defense at trial was that she did not intend to cause a disturbance. She explained that during the time Ms. Davis was in the emergency department, Ms. Davis began talking about rape. Ms. Davis's loud and rambling statements caused Ms. Bortz to experience flashbacks of her military sexual trauma.

16.    Ms. Bortz stated that during the hours she was waiting in the emergency department, she was trying to calm herself with various methods. But she was experiencing severe psychological distress.

17.    When Ms. Davis turned around to Ms. Bortz and said, "Fuck you, bitch," Ms. Bortz stated she was in severe psychological distress and was no longer in her right mind. Ms. Bortz stated she continued to experience severe psychological distress after the officers took her away. She stated she was able to appear calm and speak with the officers. But she continued to experience flashbacks and was in fear of being raped by the officers.

18.    It is important to note that by all objective standards, the officers did nothing wrong. They responded with appropriate force and treated Ms. Bortz with respect.

19.    Nevertheless, because of Ms. Bortz's PTSD, Ms. Bortz was in severe distress before, during, and after she lunged at Ms. Davis. Ms. Bortz testified that she continues to suffer because of the incident.

20.    The Court has considered Ms. Bortz's testimony as raising a defense of not guilty by reason of insanity. The burden is upon Ms. Bortz to prove by clear and convincing evidence that she was "unable—because of severe mental disease or defect—to appreciate the nature and quality or wrongfulness of an act." Eleventh Circuit Pattern Jury Instructions, Criminal Cases, S15; *see also* 18 U.S.C. § 17.

21.    While this Court has no doubt that Ms. Bortz was under severe emotional stress, which limited her ability to regulate her behavior, the evidence shows that Ms. Bortz was able to appreciate that she was lunging toward Ms. Davis and that such conduct was wrong. She did not direct her behavior toward any of the officers or nurses, only Ms. Davis.

22.    Although not a defense to disorderly conduct, the Court has considered the circumstances of the situation and Ms. Bortz's PTSD as a significant mitigator in imposing punishment.

Accordingly, for these reasons, the Court finds that the Government has established beyond a reasonable doubt that Ms. Bortz violated 38 C.F.R. § 1.218(a)(5) and (b)(11) by engaging in disorderly conduct which impeded or disrupted the performance of official duties by Government employees. The Court finds Ms. Bortz guilty and imposes a fine of $50.00 and a $10 special monetary assessment.

Ms. Bortz indicated that she has the ability to pay the total amount of $60.00, which she shall do on or before July 21, 2025.

DONE AND ORDERED on this 20th day of June, 2025.


s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge